IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES COLE, STEPHEN TIPPINS, JEFFERY BELL, On Behalf of Themselves and All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3:15-cv-1677 |
| BOS SOLUTIONS, INC. | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § § | CLASS ACTION |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, JAMES COLE ("Cole"), STEPHEN TIPPINS ("Tippins") and JEFFERY BELL ("Bell") (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated affected employees, file this Complaint against BOS SOLUTIONS, INC. ("BOS" or "Defendant"), showing in support as follows:

### I.      NATURE OF THE CASE

1.      This is a civil action brought by Plaintiffs pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act") for Defendant's failure to give the required WARN Act written notice to Plaintiffs and similarly situated individuals (the "Class Members") in connection with recent Mass Layoffs and/or Plant Closings at Defendant's Rio Vista, Texas, Mandan, North Dakota and Midland, Texas sites of employment/operational units within those sites of employment at/from/through which Plaintiffs and Class Members were employed during the relevant time period.

2.     Accordingly, Defendant is liable under the WARN Act for failing to provide Plaintiffs and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff James Cole

3.     Cole is a natural person who resides in Wise County, Texas. He has standing to file this lawsuit.

4.     Cole was employed by Defendant as an oilfield worker where he worked for Defendant's Southern U.S. District oilfield operations, including significant work for Defendant in and around Rio Vista, Texas.

5.     Cole's employment with Defendant was verbally terminated without any advance written warning on or about February 12, 2015. At all times relevant, Cole was an employee of Defendant.

### B.     Plaintiff Stephen Tippins

6.     Tippins is a natural person who resides in Clark County, Nevada. He has standing to file this lawsuit.

7.     Tippins was employed by Defendant as an oilfield worker where he worked for Defendant's Bakken District oilfield operations, including significant work for Defendant in and around Mandan, North Dakota.

8.     Tippins' employment with Defendant was verbally terminated without any advance written warning on or about February 20, 2015. At all times relevant, Tippins was an employee of Defendant.

### C.     Plaintiff Jeffery Bell

9.      Bell is a natural person who resides in Lowndes County, Alabama. He has standing to file this lawsuit.

10.     Bell was employed by Defendant as an oilfield worker where he worked for Defendant's Midland District oilfield operations, including significant work for Defendant in and around Midland, Texas.

11.     Bell's employment with Defendant was verbally terminated without any advance written warning on or about March 6, 2015. At all times relevant, Bell was an employee of Defendant.

### D.      Class Members

12.     There are three distinct classes/sub-classes in this lawsuit – the Rio Vista Class Members who are/were employees of Defendant at Defendant's single site of employment at Rio Vista, Texas; the Mandan Class Members who are/were employees of Defendant at Defendant's Mandan, North Dakota single site of employment; and the Midland Class Members who are/were employees of Defendant at Defendant's Midland, Texas single site of employment. Collectively, the Rio Vista Class Members, the Mandan Class Members and the Midland Class Members are referred to as the "Class Members."

13.     Joinder of the claims of the Plaintiffs and Class Members is appropriate in this action pursuant to Federal Rule of Civil Procedure 20(a)(1) as Plaintiffs and the Class Members assert claims for relief jointly, severally, or in the alternative arising out of the same transaction or occurrence, or series of transactions or occurrences in connection with the Mass Layoffs and/or Plant Closings made the subject matter of this lawsuit. There are questions of law and/or fact common to claims of the Plaintiffs and Class Members.

### 1.      Rio Vista Class Members

14.     The Rio Vista Class Members are affected employees who are similarly situated to Cole, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Mass Layoff at Defendant's single site of employment in Rio Vista, Texas made the subject matter of this lawsuit in the 30 day or 90 day period from Cole's employment loss.

15.     Alternatively, the Rio Vista Class Members are affected employees who are similarly situated to Cole, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Plant Closing at Defendant's single site of employment/operational units at/within that single site of employment in Rio Vista, Texas made the subject matter of this lawsuit in the 30 day or 90 day period from Cole's employment loss.

16.     On information and belief, the single site of employment for purposes of the WARN Act is Defendant's principal place of business in Rio Vista, Texas.

17.     Alternatively, should discovery reveal that there is more than one single site of employment for Cole and the Rio Vista Class Members, then Plaintiffs reserve the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

### 2.      Mandan Class Members

18.     The Mandan Class Members are affected employees who are similarly situated to Tippins, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Mass Layoff at Defendant's single site of employment in Mandan, North Dakota made the subject matter of this lawsuit in the 30 day or 90 day period from Tippins' employment loss.

19.     Alternatively, the Mandan Class Members are affected employees who are similarly situated to Tippins, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Plant Closing at Defendant's single site of employment/operational units at/within that single site of employment in Mandan, North Dakota made the subject matter of this lawsuit in the 30 day or 90 day period from Tippins' employment loss.

20.     On information and belief, the single site of employment for purposes of the WARN Act is Defendant's principal place of business in Mandan, North Dakota.

21.     Alternatively, should discovery reveal that there is more than one single site of employment for Tippins and the Mandan Class Members, then Plaintiffs reserve the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

### 3.    Midland Class Members

22.     The Midland Class Members are affected employees who are similarly situated to Bell, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Mass Layoff at Defendant's single site of employment in Midland, Texas made the subject matter of this lawsuit in the 30 day or 90 day period from Bell's employment loss.

23.     Alternatively, the Midland Class Members are affected employees who are similarly situated to Bell, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Plant Closing at Defendant's single site of employment/operational units at/within that single site of employment in Midland, Texas made the subject matter of this lawsuit in the 30 day or 90 day period from Bell's employment loss.

24.     On information and belief, the single site of employment for purposes of the WARN Act is Defendant's principal place of business in Midland, Texas.

25.     Alternatively, should discovery reveal that there is more than one single site of employment for Bell and the Midland Class Members, then Plaintiffs reserve the right to modify the class definition or establish sub-classes in connection with any amended pleading and/or motion for class certification.

**E.      Defendant BOS Solutions, Inc.**

26.     On information and belief, Defendant is a Foreign company incorporated under the laws of the State of Colorado.

27.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

28.     On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business is and has been at 1200, 635-8[th] Avenue SW, Calgary, AB T2P 3M3. Defendant identifies that address as its corporate office.

29.     Defendant may be served with summons through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

**F.      Jurisdiction and Venue**

30.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

31.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

32.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims, and the claims of the Class Members, on federal law, namely 29 U.S.C. §§ 2101-2109.

33.     Venue is proper in the United States District Court for the Northern District of Texas because Defendant maintains business operations in this district, a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district and at all relevant times, Defendant transacted business in this District and continues to transact business in this District. 29 U.S.C. § 2104(a)(5).

34.     Venue is proper in the Dallas Division of the United States District Court for the Southern District of Texas because Defendant maintains business operations in the Dallas Division, a substantial part of the events giving rise to Plaintiffs' claims occurred in the Dallas Division and at all relevant times, Defendant transacted business in this District and continues to transact business in this District.

### III.     FACTUAL BACKGROUND

35.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

36.     On information and belief, and at all times material to this action, Defendant has been a business enterprise that employs 100 or more employees, excluding part-time employees and employees who have worked less than 6 months in the 12 month period preceding the first date that WARN Act notice was required to be given, at each of the sites of employment made the subject matter of this lawsuit.

### A.     Rio Vista, Texas

37.     On information and belief, Rio Vista, Texas is/was the single site of employment, as defined by the WARN Act, for employees of Defendant, such as Cole and the Rio Vista Class Members. On information and belief, management of Defendant's Southern U.S. District oilfield operations in addition to management and administrative support of Cole and the Rio Vista Class Members, is/was conducted at/from/through the Rio Vista, Texas single site of employment.

38.     Cole worked with numerous other employees of Defendant. Those employees performed drilling operations/support of drilling operations for Defendant. Like Cole, those workers are/were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

39.     Cole was verbally notified by Defendant on or about February 12, 2015 that his employment with Defendant was terminated or that he otherwise was subject to an employment loss. Cole was not discharged for cause, did not voluntarily resign, and did not retire.

40.     On information and belief, the employment losses at the Rio Vista, Texas site of employment made the subject matter of this lawsuit occurred within a 30 day period of Cole's employment loss. Alternatively, and on information and belief, those employment losses occurred within a 90 day period of Cole's employment loss, such employment losses not being the result of separate and distinct actions and causes.

41.     On information and belief, 50 or more employees totaling 1/3 or more of the workforce assigned to/working out of the Rio Vista, Texas site of employment made the subject matter of this lawsuit experienced employment losses during the relevant time period. On information and belief, said employment losses were not bona fide discharges for cause, voluntary departures, or retirements. On information and belief, 50 or more of those affected employees totaling 1/3 or more of the workforce assigned to/working out of the Rio Vista, Texas

site of employment made the subject matter of this lawsuit had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

42.     The exact number of employees who experienced an employment loss at the Rio Vista, Texas site of employment made the basis of this lawsuit within a 30 day and 90 day period of Cole's employment loss is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through the Rio Vista, Texas site of employment is information that is currently known only to Defendant.

43.     Cole and the Rio Vista Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss, Mass Layoff and/or Plant Closing.

44.     Cole and the Rio Vista Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

45.     Cole and the Rio Vista Class Members were not provided with written notice, at any time prior to their termination, of each and every of the following items in connection with their employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

**B.     <u>Mandan, North Dakota</u>**

46.     On information and belief, Mandan, North Dakota is/was the single site of employment, as defined by the WARN Act, for employees of Defendant, such as Tippins and the Mandad Class Members. On information and belief, management of Defendant's Bakken

District oilfield operations in addition to management and administrative support of Tippins and the Mandan Class members, is/was conducted at/from/through the Mandan, North Dakota single site of employment.

47.     Tippins worked with numerous other employees of Defendant. Those employees performed drilling operations/support of drilling operations for Defendant. Like Tippins, those workers are/were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

48.     Tippins was verbally notified by Defendant on or about February 20, 2015 that his employment with Defendant was terminated or that he otherwise was subject to an employment loss. Tippins was not discharged for cause, did not voluntarily resign, and did not retire.

49.     On information and belief, the employment losses at the Mandan, North Dakota site of employment made the subject matter of this lawsuit occurred within a 30 day period of Tippins' employment loss. Alternatively, and on information and belief, those employment losses occurred within a 90 day period of Tippins' employment loss, such employment losses not being the result of separate and distinct actions and causes.

50.     On information and belief, 50 or more employees totaling 1/3 or more of the workforce assigned to/working out of the Mandan, North Dakota site of employment made the subject matter of this lawsuit experienced employment losses during the relevant time period. On information and belief, said employment losses were not bona fide discharges for cause, voluntary departures, or retirements. On information and belief, 50 or more of those affected employees totaling 1/3 or more of the workforce assigned to/working out of the Mandan, North Dakota site of employment made the subject matter of this lawsuit had been full-time employees

of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

51.     The exact number of employees who experienced an employment loss at the Mandan, North Dakota site of employment made the basis of this lawsuit within a 30 day and 90 day period of Tippins' employment loss is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through the Mandan, North Dakota site of employment is information that is currently known only to Defendant.

52.     Tippins and the Mandan Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss, Mass Layoff and/or Plant Closing.

53.     Tippins and the Mandan Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

54.     Tippins and the Mandan Class Members were not provided with written notice, at any time prior to their termination, of each and every of the following items in connection with their employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

### C.     Midland, Texas

55.     On information and belief, Midland, Texas is/was the single site of employment, as defined by the WARN Act, for employees of Defendant, such as Bell and the Midland Class Members. On information and belief, management of Defendant's Midland District oilfield

operations in addition to management and administrative support of Bell and the Midland Class members, is/was conducted at/from/through the Midland, Texas single site of employment.

56.    Bell worked with numerous other employees of Defendant. Those employees performed drilling operations/support of drilling operations for Defendant. Like Bell, those workers are/were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

57.    Bell was verbally notified by Defendant on or about March 6 2015 that his employment with Defendant was terminated or that he otherwise was subject to an employment loss. Bell was not discharged for cause, did not voluntarily resign, and did not retire.

58.    On information and belief, the employment losses at the Midland, Texas site of employment made the subject matter of this lawsuit occurred within a 30 day period of Bell's employment loss. Alternatively, and on information and belief, those employment losses occurred within a 90 day period of Bell's employment loss, such employment losses not being the result of separate and distinct actions and causes.

59.    On information and belief, 50 or more employees totaling 1/3 or more of the workforce assigned to/working out of the Midland, Texas site of employment made the subject matter of this lawsuit experienced employment losses during the relevant time period. On information and belief, said employment losses were not bona fide discharges for cause, voluntary departures, or retirements. On information and belief, 50 or more of those affected employees totaling 1/3 or more of the workforce assigned to/working out of the Midland, Texas site of employment made the subject matter of this lawsuit had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

60.     The exact number of employees who experienced an employment loss at the Midland, Texas site of employment made the basis of this lawsuit within a 30 day and 90 day period of Bell's employment loss is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through the Midland, Texas site of employment is information that is currently known only to Defendant.

61.     Bell and the Midland Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss, Mass Layoff and/or Plant Closing.

62.     Bell and the Midland Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

63.     Bell and the Midland Class Members were not provided with written notice, at any time prior to their termination, of each and every of the following items in connection with their employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

## IV.     WARN ACT CLAIMS

64.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

65.     At all relevant times, Plaintiffs and the Class Members were "full-time employees" of Defendant as that term is used in the Warn Act.

66.     At all relevant times, Defendant was and is an employer under the WARN Act. 29 C.F.R. § 639.3(a).

67.     At material times, Defendant employed, and continues to employ, 100 or more employees, excluding part-time employees.

68.     On information and belief, Defendant's Rio Vista, Texas site constituted a single site of employment for Cole and the Rio Vista Class Members. 29 C.F.R. § 639.3(i).

69.     Alternatively, each drilling rig operating at/from/through the Rio Vista, Texas site of employment made the subject matter of this lawsuit constitutes/constituted an operational unit within that single site of employment of Defendant. 29 C.F.R. § 639.3(j).

70.     On information and belief, Defendant's Mandan, North Dakota site constituted a single site of employment for Tippins and the Mandan Class Members. 29 C.F.R. § 639.3(i).

71.     Alternatively, each drilling rig operating at/from/through the Mandan, North Dakota site of employment made the subject matter of this lawsuit constitutes/constituted an operational unit within that single site of employment of Defendant. 29 C.F.R. § 639.3(j).

72.     On information and belief, Defendant's Midland, Texas site constituted a single site of employment for Bell and the Midland Class Members. 29 C.F.R. § 639.3(i).

73.     Alternatively, each drilling rig operating at/from/through the Midland, Texas site of employment made the subject matter of this lawsuit constitutes/constituted an operational unit within that single site of employment of Defendant. 29 C.F.R. § 639.3(j).

74.     Plaintiffs maintain this action on behalf of themselves and on behalf of each other similarly situated employee.

75.     Each Rio Vista Class Member is similarly situated to Cole with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

76.     Each Mandan Class Member is similarly situated to Tippins with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

77.     Each Midland Class Member is similarly situated to Bell with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

**A.     Rio Vista Mass Layoff**

78.     During a 30 day or 90 day period from February 12, 2015, Defendant ordered/executed a "Mass Layoff" at the Rio Vista, Texas single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(i).

79.     Cole and the Rio Vista Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

80.     On information and belief, 1/3 of the employees at the single site of employment made the subject matter of this lawsuit, totaling 50 or more employees, suffered an employment loss as a result of that Mass Layoff.

81.     Cole and the Rio Vista Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Cole and the Rio Vista Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Rio Vista, Texas Mass Layoff made the subject matter of this lawsuit.

**B.     Rio Vista Plant Closing**

82.     Pleading in the alternative, and on information and belief, with the number of employment losses at the Rio Vista, Texas site of employment within 30 days or 90 days of February 12, 2015, Cole and the Rio Vista Class Members suffered a "Plant Closing." 29 C.F.R. §§639.3(b) & 639.5(a)(ii). "Plant Closing" means the "permanent or temporary shutdown of a

'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b). Accordingly, each drilling rig operating at/from/through the Rio Vista site of employment made the basis of this lawsuit was an operational unit of that single site of employment. 29 C.F.R. § 639.3(j).

83.     Cole and the Rio Vista Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Rio Vista, Texas Plant Closing. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Cole and the Rio Vista Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Rio Vista, Texas Plant Closing made the subject matter of this lawsuit.

### C.     No Written Notice of Rio Vista Mass Layoff and/or Plant Closing

84.     Cole and the Rio Vista Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming termination of employment, Mass Layoff and/or Plant Closing.

85.     Cole and the Rio Vista Class Members were not provided with any written notice by Defendant prior to their termination of employment, Mass Layoff and/or Plant Closing.

86.     Cole and the Rio Vista Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a

statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

87.     On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Rio Vista, Texas Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

88.     On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the termination of the employment loss of Cole and the Rio Vista Class Members.

**D.    Mandan Mass Layoff**

89.     During a 30 day or 90 day period from February 20, 2015, Defendant ordered/executed a "Mass Layoff" at the Mandan, North Dakota single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(i).

90.     Tippins and the Mandan Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

91.     On information and belief, 1/3 of the employees at the single site of employment made the subject matter of this lawsuit, totaling 50 or more employees, suffered an employment loss as a result of that Mass Layoff.

92.     Tippins and the Mandan Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Tippins and the Mandan Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Mandan, North Dakota Mass Layoff made the subject matter of this lawsuit.

**E.     Mandan Plant Closing**

93.     Pleading in the alternative, and on information and belief, with the number of employment losses at the Mandan, North Dakota site of employment within 30 days or 90 days of February 20, 2015, Tippins and the Mandan Class Members suffered a "Plant Closing." 29 C.F.R. §§639.3(b) & 639.5(a)(i). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b). Accordingly, each drilling rig operating at/from/through the Mandan site of employment made the basis of this lawsuit was an operational unit of that single site of employment. 29 C.F.R. § 639.3(j).

94.     Tippins and the Mandan Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mandan, North Dakota Plant Closing. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Tippins and the Mandan Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to

experience an employment loss as a result of Defendant's Mandan, North Dakota Plant Closing made the subject matter of this lawsuit.

### F.    No Written Notice of Mandan Mass Layoff and/or Plant Closing

95.    Tippins and the Mandan Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming termination of employment, Mass Layoff and/or Plant Closing.

96.    Tippins and the Mandan Class Members were not provided with any written notice by Defendant prior to their termination of employment, Mass Layoff and/or Plant Closing.

97.    Tippins and the Mandan Class Members were not provided with any written notice by Defendant at the time of their termination of employment, Mass Layoff and/or Plant Closing.

98.    Tippins and the Mandan Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

99.    On information and belief, Defendant did not notify the North Dakota agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Mandan, North Dakota Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

100.    On information and belief, Defendant did not notify the North Dakota agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the termination of the employment of Tippins and the Mandan Class Members.

**G.    Midland Mass Layoff**

101.    During a 30 day or 90 day   period from March 6, 2015, Defendant ordered/executed a "Mass Layoff" at the Midland, Texas single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(i).

102.    Bell and the Midland Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

103.    On information and belief, 1/3 of the employees at the single site of employment made the subject matter of this lawsuit, totaling 50 or more employees, suffered an employment loss as a result of that Mass Layoff.

104.    Bell and the Midland Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Bell and the Midland Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Midland, Texas Mass Layoff made the subject matter of this lawsuit.

**H.    Midland Plant Closing**

105.    Pleading in the alternative, and on information and belief, with the number of employment losses at the Midland, Texas site of employment within 30 days or 90 days of March 6, 2015, Bell and the Midland Class Members suffered a "Plant Closing." 29 C.F.R.

§§639.3(b) & 639.5(a)(i). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees, excluding any part-time employees." 29 C.F.R. § 639.3(b). Accordingly, each drilling rig operating at/from/through the Midland site of employment made the basis of this lawsuit was an operational unit of that single site of employment. 29 C.F.R. § 639.3(j).

106.    Bell and the Midland Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Midland, Texas Plant Closing. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Bell and the Midland Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Midland, Texas Plant Closing made the subject matter of this lawsuit.

**I.       No Written Notice of Midland Mass Layoff and/or Plant Closing**

107.    Bell and the Midland Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming termination of employment, Mass Layoff and/or Plant Closing.

108.    Bell and the Midland Class Members were not provided with any written notice by Defendant prior to their termination of employment, Mass Layoff and/or Plant Closing.

109.    Bell and the Midland Class Members were not provided with any written notice by Defendant at the time of their termination of employment, Mass Layoff and/or Plant Closing.

110.    Bell and the Midland Class Members were not provided with written notice, at any time prior to their employment loss, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;   (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

111.    On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Midland, Texas Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

112.    On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the termination of the employment of Bell and the Midland Class Members.

**J.      Damages**

113.    As a result of Defendant's violations of the WARN Act, Cole and the Rio Vista Class Members have suffered damages. Cole and the Rio Vista Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

114.    As a result of Defendant's violations of the WARN Act, Tippins and the Mandan Class Members have suffered damages. Tippins and the Mandan Class Members seek all

damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

115.     As a result of Defendant's violations of the WARN Act, Bell and the Midland Class Members have suffered damages. Bell and the Midland Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

## V.     CLASS ACTION ALLEGATIONS

116.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

117.     Plaintiffs brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

### A.     Rio Vista Class Members

118.     Cole brings this action on behalf of himself and all other similarly situated employees. Cole seeks to represent a Class initially defined as: "All of Defendant's employees working at/from/through its Rio Vista, Texas single site of employment for its drilling operations who experienced an employment loss during the 30 or 90 day period from February 12, 2015 without 60 days' advance written notice required by the WARN Act." Plaintiff requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single site of employment for Defendant's drilling operations.

119.     Cole and the Rio Vista Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

120.     Cole's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

121.     On information and belief, the Rio Vista Class Members exceed 50 in number, and joinder is therefore impracticable. The precise number of Rio Vista Class Members and their addresses are readily determinable from Defendant's records.

122.     There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

> a. Whether the provisions of the WARN Act apply;
>
> b. Whether Defendant's employees at the Rio Vista, Texas site of employment for Defendant's drilling operations experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;
>
> c. Whether Defendant failed to provide the notices required by the WARN Act;
>
> d. Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and
>
> e.  The appropriate method to calculate damages under the WARN Act.

123.     The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

124.     A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class.

The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

125.    Cole is an affected former employee of Defendant who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. He is therefore a member of the class. Cole is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Cole is an adequate representative of the class and has the same interests as all of its members. Further, Cole's claims are typical of the claims of all members of the class, and Cole will fairly and adequately protect the interests of the absent members of the class. Cole and his counsel do not have claims or interests that are adverse to the Rio Vista Class Members.

126.    Further, class action treatment of this lawsuit is authorized and appropriate under the WARN Act 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

**B.      Mandan Class Members**

127.    Tippins brings this action on behalf of himself and all other similarly situated employees. Tippins seeks to represent a Class initially defined as: "All of Defendant's employees working at/from/through its Mandan, North Dakota single site of employment for its drilling operations who experienced an employment loss during the 30 or 90 day period from February 20, 2015 without 60 days' advance written notice required by the WARN Act." Plaintiff requests

the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single site of employment for Defendant's drilling operations.

128.    Tippin and the Mandan Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

129.    Tippins' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

130.    On information and belief, the Mandan Class Members exceed 200 in number, and joinder is therefore impracticable. The precise number of Mandan Class Members and their addresses are readily determinable from Defendant's records.

131.    There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

> a. Whether the provisions of the WARN Act apply;
>
> b. Whether Defendant's employees at the Mandan, North Dakota site of employment for Defendant's drilling operations experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;
>
> c. Whether Defendant failed to provide the notices required by the WARN Act;
>
> d. Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and
>
> e. The appropriate method to calculate damages under the WARN Act.

132.   The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

133.   A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

134.   Tippins is an affected former employee of Defendant who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. He is therefore a member of the class. Tippins is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Tippins is an adequate representative of the class and has the same interests as all of its members. Further, Tippins' claims are typical of the claims of all members of the class, and Tippins will fairly and adequately protect the interests of the absent members of the class. Tippins and his counsel do not have claims or interests that are adverse to the Mandan Class Members.

135.   Further, class action treatment of this lawsuit is authorized and appropriate under the WARN Act 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce

liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

### C.   <u>Midland Class Members</u>

136.   Bell brings this action on behalf of himself and all other similarly situated employees. Bell seeks to represent a Class initially defined as: "All of Defendant's employees working at/from/through its Midland, Texas single site of employment for its drilling operations who experienced an employment loss during the 30 or 90 day period from March 6, 2015 without 60 days' advance written notice required by the WARN Act." Plaintiff requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single site of employment for Defendant's drilling operations.

137.   Bell and Midland Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

138.   Bell's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

139.   On information and belief, the Midland Class Members exceed 50 in number, and joinder is therefore impracticable. The precise number of Midland Class Members and their addresses are readily determinable from Defendant's records.

140.   There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

a. Whether the provisions of the WARN Act apply;

b. Whether Defendant's employees at the Midland, Texas site of employment for Defendant's drilling operations experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

c. Whether Defendant failed to provide the notices required by the WARN Act;

d. Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

e. The appropriate method to calculate damages under the WARN Act.

141. The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

142. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

143. Bell is an affected former employee of Defendant who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the required written notice. He is therefore a member of the class. Bell is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation.

Accordingly, Bell is an adequate representative of the class and has the same interests as all of its members. Further, Bell's claims are typical of the claims of all members of the class, and Bell will fairly and adequately protect the interests of the absent members of the class. Bell and his counsel do not have claims or interests that are adverse to the MidlandClass Members.

144.    Further, class action treatment of this lawsuit is authorized and appropriate under the WARN Act 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## VI.   <u>JURY DEMAND</u>

145.    Plaintiffs demand a jury trial.

## VII.   <u>DAMAGES AND PRAYER</u>

146.    Plaintiffs ask that Plaintiffs and the Rio Vista, Mandan and Midland Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.    An order certifying that the action(s) may be maintained as a class action/class actions under Federal Rule of Civil Procedure 23;

b.    Designation of each Plaintiff as the representative of their corresponding Class, and Allen R. Vaught, Baron & Budd, P.C., as Class Counsel for each;

c.    All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

d.    Pre-judgment and post-judgment interest;

e.    Costs;

f.    Reasonable attorney's/attorneys' fees; and

g.    All other relief to which Plaintiffs and the Class Members are entitled.

Respectfully submitted,


By:    <u>s/Allen R. Vaught</u>
        Allen R. Vaught
        TX Bar No. 24004966
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com

        ATTORNEYS FOR PLAINTIFFS